# EXHIBIT A

2019-75102 / Court: 080

10/11/2019 5:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37605608
By: Courtni Gilbert
Filed: 10/11/2019 5:25 PM

CAUSE NO. _____

| | | |
|---|---|---|
| STEFANO GERMINALE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMICA MUTUAL INSURANCE COMPANY, | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Stefano Germinale, files this original petition against defendant, Amica Mutual Insurance Company, and alleges as follows:

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

### B. Relief

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c)(4).

### C. Parties

3. Plaintiff, Stefano Germinale, is an individual and resident of Harris County.

4. Defendant, Amica Mutual Insurance Company, is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving its Attorney for Service, Robert R. Foss, Jr., 2150 Town Square Pl., Suite 600, Sugar Land, Texas 77479.

### D. Jurisdiction

5. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. Venue

6. Venue is mandatory and proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. Conditions Precedent

7. All conditions precedent to recovery have been performed, waived, or have occurred.

### G. Facts

8. Plaintiff is the owner of a homeowner insurance policy, policy number 68084227YR, issued by the defendant (hereinafter referred to as the "Policy").

9. Plaintiff owned the insured property that is specifically located at 1606 Hazel Street, Houston, Texas 77006 (hereinafter referred to as the "property").

10. Defendant or its agent sold the policy, insuring the property, to plaintiff.

11. On or about August 26, 2017, plaintiff's property sustained windstorm damage. Plaintiff submitted a claim to Amica against the policy for damage caused to the property as a result of the wind. Plaintiff asked Amica to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Amica assigned claim number 60002928202 to plaintiff's claim.

12. On or about September 18, 2017, Brent J. Wilson ("Wilson"), on behalf of Amica, inspected the property in question. The storm caused significant damage to the roof, including loss of granules to the shingles. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion. The wind lifted and loosened the nails that previously fastened the shingles to the sheathing. Water penetrated the newly created openings and damaged the plywood sheathing.

13. Wilson's unreasonable investigation of the claim included a failure to comply with Amica's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under Amica's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Wilson performed an unreasonable investigation by failing to document all of the damage to the roof. Wilson did not conduct a thorough roof inspection and only allowed the minimum cost to remove and replace the roof shingles. As a result of Wilson's unreasonable and brief investigation, the insured was wrongly denied the full cost to replace the roof.

14. Wilson performed an insufficient and unreasonable interior investigation of the property. Water intrusion from the roof caused extensive damage to the walls, insulation and ceilings of the bedrooms, stairways kitchen, dining room, living room, closet, and storage area. The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, wood floor replacement, and content removal. Wilson did not conduct a thorough interior inspection and did not make sufficient allowances for interior damages. As a result of Wilson's

unreasonable investigation, the insured was wrongly denied the full cost to repair all of the interior damage.

15. The storm also caused extensive damage to the exterior of the property. Specifically, it caused damage to the stucco. Wilson did not conduct a thorough exterior inspection and did not allow the cost to repair the exterior. As a result of Wilson's unreasonable exterior investigation, plaintiff was wrongly denied the full cost to repair all of the damage to the exterior of her property.

16. Wilson failed to document any damage to the roof. As a result, Wilson missed significant interior and exterior damages to insured's home. Wilson conducted an insufficient inspection and prematurely closed insured's claim. At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by Amica.

17. Amica failed to properly adjust the claim and defendant has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by insured. Furthermore, Amica underpaid portions of the insured's claims by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during its investigation.

18. To date, Amica continues to delay in the payment for the damages to the property. As such, the insured's claim(s) still remain unpaid and the insured still has not been able to properly repair the property.

19. Amica employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of Amica's promise to pay. Amica's claims system consists of, in part, the following:

a. Claims adjusting policies and procedures;

b. Claims handling procedures and materials and claim files to track customer claims;

c. Claim files containing documentation relating to:

   (1) the investigation of Amica claim;

   (2) the evaluation of coverage, liability and damages;

   (3) negotiation or alternative dispute resolution (ADR) to achieve settlement; and

   (4) litigation management.

d. Claims underwriting procedures, files and reports that relate to:

   (1) the condition of the risk at the time of underwriting and during the investigation of the claim;

   (2) information provided by Amica's claims representatives to underwriting department about the condition of the risk;

   (3) information related to Amica's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

   (4) loss control measures instituted by Amica's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

   (5) on-site inspections conducted by Amica's loss control personnel to provide underwriters with a thorough assessment of the risk.

  e. Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

  f. Amica's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

20. Amica failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling plaintiff's claim.

21. In addition, Amica failed to properly assess the condition of the risk during the underwriting process and during the policy period and Amica failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. Amica's improper underwriting actions negatively impacted the amount of funds available for a fair payment of plaintiff's claim and provided Amica with a motive to underpay and/or wrongly deny plaintiff's claim.

22. Amica failed to properly qualify, train and supervise its employees and agents to whom Amica entrusted the handling of various portions of plaintiff's claim. The identity of these agents and employees include, but are not limited to, Brent Wilson.

23. Amica, its agents and employees failed to follow procedures and properly execute their duties as promulgated in Amica's system of administering and handling plaintiff's claim. Amica's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in Amica's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in Amica's denial to plaintiff of the full protection and benefits of these laws and the policy benefits to which plaintiff was entitled.

### H. COUNT 1 - BAD FAITH

24. Plaintiff is an insured under an insurance contract issued by Amica, which gave rise to a duty of good faith and fair dealing.

25. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

26. Following its initial inspection conducted on September 18, 2017, Amica possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, Amica failed to provide coverage for all of the covered damage, including the damage that plaintiff's inspector discovered during her inspection. Although Amica designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Amica failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

27. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

 a. mental anguish damages; and

 b. loss of policy benefits.

28. <u>Exemplary damages.</u> Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### I. COUNT 2 - BREACH OF CONTRACT

29. In addition to other counts, Amica breached its contract with plaintiff.

30. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

31. Plaintiff fully performed plaintiff's contractual obligations.

32. Amica breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Amica failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

33. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

34. <u>Attorney Fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to Amica. Amica did not tender the amount owed within 30 days of when the claim was presented.

## J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

35. Defendant Amica failed to explain to plaintiff the reasons for Amica's offer of an inadequate settlement. Amica failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Amica did not communicate that any future settlements or payments would be

forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

36. Amica failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Amica.

37. Amica refused to fully compensate plaintiff under the terms of the policy, even though Amica failed to conduct a reasonable investigation. Amica performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of plaintiff's losses on the property.

38. Amica failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

39. Amica failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Amica failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials they received.

40. Defendants' acts or practices violated:

    a. Texas Insurance Code chapter 541, subchapter B.

        (1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

        (2) Not attempting in good faith to bring about a prompt, fair, and equitable

settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6) Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7) Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b. Texas Deceptive Trade Practices Act §17.46(b).

(1) Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c. Texas Insurance Code Chapter 541.151.

41. Defendant's acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a. actual damages; and

b. insurance policy proceeds.

42. Plaintiff seeks damages within the jurisdictional limits of this Court.

43. <u>Additional damages.</u>  Defendant acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

44. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

45. Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

46. Defendant Amica is a corporation.

47. Plaintiff suffered a loss covered by the policy and gave proper notice to Amica of plaintiff's claim.

48. Amica is liable for the claim and had a duty to pay the claim in a timely manner.

49. Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

    a. acknowledging the claim;

    b. investigating the claim;

    c. requesting information about the claim;

    d. paying the claim after wrongfully rejecting it; and

    e. paying the claim after accepting it.

50. Amica's breach of duty caused injury to plaintiff, which resulted in the following damages:

    a. mental anguish damages;

    b. policy proceeds;

    c. prejudgment interest; and

   d. consequential damages.

51. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

52. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## L. Jury Demand

53. Plaintiff respectfully request a trial by jury.

## M. Conditions Precedent

54. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## N. Prayer

55. For these reasons, plaintiff asks that they be awarded a judgment against defendants for the following:

   a. Actual damages.

   b. Statutory damages.

   c. Prejudgment and postjudgment interest.

   d. Court costs.

   e. Attorney fees.

   f. All other relief to which plaintiff is entitled.

Respectfully submitted,

SCOTT LAW OFFICES, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740


_s Danny Ray Scott_
Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiff*

CAUSE NO. 201975102

RECEIPT NO.                     75.00      CTM
\*\*\*\*\*\*\*\*\*                         TR # 73684926

PLAINTIFF: GERMINALE, STEFANO
   vs.                                                     In The    80th
DEFENDANT: AMICA MUTUAL INSURANCE COMPANY                  Judicial District Court
                                                           of Harris County, Texas
                                                           80TH DISTRICT COURT
                                                           Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: AMICA MUTUAL INSURANCE COMPANY (DOMESTIC INSURANCE CARRIER)
    BY SERVING ITS ATTORNEY
    ROBERT R FOSS JR

    2150   TOWN SQUARE PL SUITE 600    SUGAR LAND   TX   77479
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 14th day of October, 2019, under my hand and
seal of said Court.



                                                        MARILYN BURGESS, District Clerk
Issued at request of:                                   Harris County, Texas
SCOTT, DANNY RAY                                        201 Caroline, Houston, Texas 77002
2019  WICHITA STREET                                    (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77004
Tel: (713) 941-9309
Bar No.:  24010920                                      Generated By: GILBERT, COURTNI NICOLE   U5U//11355319

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____         _____
                                          ADDRESS

_____         Service was executed in accordance with Rule 106
(a)ADDRESSEE                                 (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at

_____         _____
                                          on         day of